UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN M. DEANGELIS, as trustee of the Kelly K. Deangelis revocable living trust dated May 26, 1999,

    Plaintiff,

v.                             Case No: 2:17-cv-447-FtM-29MRM

JONATHAN D. MANN, JR., individually,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #8) filed on August 10, 2017, and on Plaintiff's Supplemental Motion for Leave to File First Amended Complaint (Doc. #15) filed on September 18, 2017, to which Defendant filed a Response in Opposition (Doc. #16) on September 20, 2017. For the reasons set forth below, the Court grants Plaintiff's Supplemental Motion for Leave to File First Amended Complaint and denies as moot Defendant's Motion to Dismiss.

**I.**

This case arises out of an April 12, 2011 agreement conveying the oil and gas rights (the Agreement) for a property located in Ohio (the Property) from Professional Land Resources, LLC (PLR) to The Kelly K. DeAngelis Revocable Living Trust Dated May 26, 1999

(the Trust).¹  On June 29, 2017, Plaintiff filed a one-count complaint (Doc. #2) in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.  The Complaint accuses Defendant, a West Virginia citizen, of fraudulently inducing Plaintiff, a Florida citizen, to enter into the Agreement by characterizing the Property's wells as "viable" when Defendant knew they were not.  Plaintiff seeks $135,000 in damages, which is the amount he paid Defendant under the Agreement in exchange for a 50% revenue interest in the wells' output.

Defendant removed to this Court under 28 U.S.C. 1332(a) and then moved to dismiss the case on the following grounds: (1) Plaintiff's fraud claim is barred by West Virginia's two-year "catch-all" statute of limitations, W. Va. Code § 55-2-12;² (2) this Court lacks personal jurisdiction over Defendant; (3) the Agreement's merger clause prevents Plaintiff from succeeding with establishing his fraud claim as a matter of law;³ and (4) the

---

¹ Plaintiff signed for the Trust, and Defendant signed for PLR.

² The Agreement states that "the Agreement shall be interpreted and construed in accordance with the laws of the State of West Virginia."  (Doc. #8, p. 29.)

³ Article V of the Agreement, titled "Entire Agreement," reads: "This Agreement (including the Exhibits attached hereto) constitutes the entire understanding, Wells [sic] between the Parties with respect to the Lands and the superseding all negotiations, prior discussions and prior agreements and understandings relating to the Lands and the NEW Wells." (Doc. #8, p. 28.)

Complaint fails to state a plausible claim for fraudulent inducement under West Virginia law and with the requisite Rule 9(b) specificity.[4]

Plaintiff did not respond to the Motion to Dismiss, instead moving under Rule 15(a)(2) for leave to file an amended complaint that "seeks to address the issues brought in the Defendant's Motion to Dismiss, and to add a claim for punitive damages."[5] (Doc. #15, p. 2.) Plaintiff states that the amendment is timely sought and believes there is no substantial reason to deny leave. Defendant disagrees; He thinks allowing Plaintiff to amend will be futile because the proposed amendments do not remedy the deficiencies identified in his Motion to Dismiss.

## II.

Amendment is governed by Federal Rule of Civil Procedure 15. A party has twenty-one days in which to amend a pleading once as

---

[4] Defendant also asserts that the Complaint "materially misstates the facts surrounding the [Agreement]." (Doc. #8, p. 11.) However, as Defendant also knows, the Court must accept as true a complaint's well-pleaded factual allegations when evaluating a motion to dismiss. Mink v. Smith & Nephew, Inc., 860 F.3d 1319, 1324 (11th Cir. 2017).

[5] Plaintiff originally filed a motion to amend on September 6, 2017 (Doc. #14) and then filed a motion to supplement (Doc. #15). It is not clear whether there is any difference between the two motions or the proposed amended complaint attached to each (Docs. ## 14-1, 15-1). But as Defendant has responded to the Supplemental Motion, the Court will presume that the Proposed Amended Complaint attached to that document (Doc. #15-1) is the operative proposed pleading.

a matter of course. Fed. R. Civ. P. 15(a)(1). Thereafter, amendment requires the opposing party's written consent or the court's leave. Id. at 15(a)(2). Although whether to grant leave is within the district court's discretion, Foman v. Davis, 371 U.S. 178, 182 (1962), that discretion "is severely restricted by Fed. R. Civ. P. 15(a), which directs that leave to amend shall be freely given when justice so requires." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation and internal alterations omitted). "Justice" does not "so require" in a number of situations, including when the party seeking to amend has delayed in requesting leave, and when permitting leave would be "futile." Foman, 371 U.S. at 182. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1254 (11th Cir. 2017) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Here, Plaintiff is outside the twenty-one-day window and – because Defendant opposes amendment – Plaintiff seeks the Court's permission to amend. According to Defendant, allowing Plaintiff to amend is futile because: (i) Plaintiff's fraud claim is still time-barred, (ii) the Court still lacks personal jurisdiction over Defendant, and (iii) the Proposed Amended Complaint still fails to adequately plead a fraudulent inducement claim.

The Court disagrees that granting leave to amend would be futile. As to the statute of limitations, even assuming West Virginia law applies to this dispute,[6] it is not "apparent from the face of the complaint that the claim is time-barred."[7] Gonsalvez v. Celebrity Cruises Inc., 750 F.3d 1195, 1197 (11th Cir. 2013) (citation omitted). Regarding personal jurisdiction, the Proposed Amended Complaint appears to state a prima facie case of specific personal jurisdiction under the "tortious activity prong" of Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)(2), the exercise of which comports with due process.[8] See Williams Elec. Co. v. Honeywell, Inc., 854 F.2d 389, 394 (11th Cir. 1988). Finally, it is not yet clear to the Court that the Proposed Amended Complaint lacks the requisite Rule 9(b)

---

[6] Compare Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So. 2d 306, 313 (Fla. 2000) (providing an affirmative answer to the Eleventh Circuit's certified question of whether "a choice-of-law provision . . . control[s] the disposition of a claim that the agreement was fraudulently procured"), with Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1301 (11th Cir. 2003) (holding that the contract's Delaware choice of law provision did not control which state's law applied to a fraudulent inducement claim).

[7] According to the Proposed Amended Complaint, Plaintiff did "not learn of the untrue nature of Defendant's material representations until December of 2015." (Doc. #15-1, ¶ 26.)

[8] Plaintiff alleges that Defendant traveled to Naples, Florida in 2010 to convince Plaintiff to invest in the Property, and that Plaintiff decided to invest "largely on the basis of Defendant's representations to Plaintiff during" that trip. (Id. ¶ 10, 15.) Plaintiff also alleges he executed the fraudulently-procured agreement in Florida. (Id. ¶ 19.)

specificity[9] or that the fraud claim is barred by the Agreement's merger provision.

Defendant has not opposed Plaintiff's request to add a claim for punitive damages. Punitive damages may be awarded for a successful claim of fraudulent inducement under Florida law. HGI Assocs., Inc. v. Wetmore Printing Co., 427 F.3d 867, 877 (11th Cir. 2005) (citing Conn. Gen. Life Ins. Co. v. Jones, 764 So.2d 677, 680-82 (Fla. 1st DCA 2000)). As such, the Court will grant Plaintiff's unopposed request to amend to add such a claim.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Supplemental Motion for Leave to File First Amended Complaint (Doc. #15) is **granted**.

2. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. #14) and Defendant's Motion to Dismiss (Doc. #8) are **denied as moot**.

---

[9] Plaintiff alleges that he "made the decision to invest in the [Property] largely on the basis of Defendant's representations to Plaintiff during Defendant's trip to [Naples,] Florida" (Doc. #15-1, ¶ 15), which trip occurred "[i]n 2010." (Id. ¶ 11.) Defendant's own Affidavit, filed with his Motion to Dismiss, acknowledges that he traveled to Florida in 2010, during which time he met with Plaintiff. (Doc. #8, p. 33.) Although Defendant denies "discuss[ing] oil and gas ventures at that time" (id.), Defendant nevertheless has notice of the precise epoch during which much of the alleged fraud occurred. See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) ("The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged . . . ." (quotation omitted)).

3. The Clerk is directed to file the First Amended Complaint (Doc. #15-1) as a new and separate docket entry.

**DONE and ORDERED** at Fort Myers, Florida, this 27th day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record